Juan Esteban Rivera, etc., et al., demandantes y recurridos, *v.* J. Batistini y Nationwide Ins. Co., demandados y recurrentes.

*Número:* R-71-55    *Resuelto:* 14 de marzo de 1972

*José A. Rivera Mercado, Luis R. Polo* y *Manuel A. Baralta Massini,* abogados de los recurrentes.

PER CURIAM: La Ley de Protección Social por Accidentes de Automóviles, Ley Núm. 138 de 1968, 9 L.P.R.A. sec. 2051

a 2065, provee para el pago de determinados beneficios en sustitución de los que de otro modo las víctimas de accidentes de tránsito tendrían derecho a reclamar bajo el principio de responsabilidad por culpa o negligencia. En su Sec. 8, inciso (2), 9 L.P.R.A. sec. 2058(2), dicha ley exime de responsabilidad al causante del daño hasta la cantidad de Mil ($1,000) Dólares por concepto de sufrimientos físicos y mentales.[1]

■ La controversia en este caso se reduce a determinar si la exención de $1,000 se aplica en forma global por accidente o se aplica a cada víctima envuelta en el accidente. En el caso de autos hay tres reclamantes, cuyos daños fueron estipulados en la cantidad de $500 para cada uno para un total de $1,500. El tribunal de instancia determinó que la exención de $1,000 se aplicaba globalmente al accidente por lo que el recurrente era responsable solamente del remanente de $500. En tal virtud adjudicó la cantidad de $133.34 para cada reclamante más $150 en concepto de honorarios de abogado.

La contención del recurrente es que la exención de $1,000 se aplica por cada víctima del accidente, razón por la cual nada tiene que pagar. Estamos de acuerdo.

■ Tanto los beneficios como las deducciones establecidas en esta ley han sido formuladas para proteger específicamente a las víctimas de accidentes de tránsito. El texto de la Sec. 8 expresamente se refiere a la víctima y no al accidente. Al respecto dispone: "Dicha exención no aplicará en aquellos casos en que la pérdida recobrable por la víctima en virtud de las lesiones sufridas exceda de . . . la cantidad de $1,000 por

---

[1] El inciso 2 lee como sigue:

"(2) Se eximirá de la aplicación del principio de responsabilidad a base de negligencia a toda persona que sea responsable, en virtud de un acto negligente de su parte, por daños o lesiones por los cuales se proveen beneficios bajo este Capítulo. Dicha exención no aplicará en aquellos casos en que la pérdida recobrable por la víctima en virtud de las lesiones sufridas exceda de:

(a) la cantidad de $1,000 por sufrimientos físicos y mentales incluyendo dolor, humillación y daños similares, . . . ."

sufrimientos físicos y mentales . . . ." Esto significa que si en un accidente de tránsito hay varias víctimas la exención será de $1,000 para cada víctima. Siendo ello así, incidió el tribunal de instancia al aplicar la exención en forma global en vez de en forma individual.

■ Con respecto a los honorarios, habiéndose aceptado la negligencia por la recurrente y estipulado los daños, no procedía la imposición de $150 por ese concepto.

*Se revocará la sentencia recurrida.*

El Juez Presidente, Señor Negrón Fernández, no intervino.