JULIO OTERO IGLESIAS, peticionario, *v.* TRIBUNAL SUPERIOR, SALA DE HUMACAO, HON. JOSÉ O. GRAU, JUEZ, demandado.

*Número:* O-72-357     *Resuelto:* 28 de marzo de 1973

*Miguel A. López Rivera,* abogado del peticionario; *José H. Picó,* abogado de la Employers Insurance Wausau.

PER CURIAM:([1]) En 19 de enero de 1973 dictamos una orden dirigida a la compañía aseguradora interventora para

---

([1]) NOTA DEL COMPILADOR: En relación a esta opinión, una de las Salas del Tribunal expidió la siguiente Resolución en este caso:

"RESOLUCION

"San Juan, Puerto Rico, a 19 de enero de 1973

"Apareciendo del expediente que el tribunal de instancia dictó sentencia concediéndole al recurrente la cantidad de $7,000 por concepto de daños físicos, $4,000 por concepto de sufrimientos y angustias mentales, $1,000 por retraso en los estudios y $500 para honorarios de abogado, para un total de $12,000; que a moción de la demandada aquí recurrida, y con el allanamiento de los recurrentes, y, a tenor con la Sec. 8 de la Ley Núm. 138 de 26 de junio de 1968, Ley de

que ésta·mostrara causa por la cual no debía dejarse sin efecto la deducción adicional de $1,000.00 concedida a ésta al amparo de la sec. 8 de la Ley Núm. 138 de 26 de junio de 1968.

Examinado el memorando sometido por la compañía aseguradora interventora así como el escrito de oposición a la petición de *certiorari*, a la luz de las disposiciones de la Ley de Protección Social por Accidentes de Automóviles, 9 L.P.R.A. secs. 2051–2065, concluimos que la deducción de $1,000.00 por sufrimientos físicos y mentales es aplicable a la persona u organización responsable por tales daños. En el evento de que se responsabilice solidariamente a la compañía aseguradora y al asegurado, la deducción deberá deducirse una sola vez de la suma de daños concedidos, esto es, no aplica por separado a cada parte. El tribunal de instancia cometió error al extender el beneficio de la deducción de $1,000.00 a cada una de las partes. *Debe expedirse el auto de certiorari solicitado y modificarse la sentencia del tribunal de instancia a los fines de eliminar la deducción adicional de $1,000.00 y restituirse la suma total concedida a la cantidad de $10,000.00.*

Protección Social por Accidentes de Automóviles, 9 LPRA sec. 2051–2065, el tribunal de instancia dedujo de la sentencia dictada la cantidad de $2,000; que, a pesar, de la deducción así efectuada, la aseguradora recurrida solicitó y el tribunal de instancia concedió, una deducción adicional de $1,000 al entender equivocadamente que el caso de *Morales* v. *Lizarribar*, 100 D.P.R. 717 (1972), estableció el derecho de la aseguradora de disfrutar el beneficio de la deducción de $1,000 por sufrimientos mentales en adición a la deducción de $1,000 concedida al asegurado, siendo equivocada tal interpretación y sin base alguna en la Ley de Protección Social por Accidentes de Automóviles ni en el mencionado caso de *Morales* v. *Lizarribar,* se concede un término de 10 días a la interventora para que muestre causa por la cual no se debe expedir el auto de *certiorari* solicitado y, una vez expedido, modificar la sentencia del tribunal de instancia a los fines de eliminar la última deducción de $1,000 y restituir la suma total concedida a la cantidad de $10,000.

"Lo acordó el Tribunal y certifica el Secretario.

José L. Carrasquillo
*Secretario"*