RAMÓN RUIZ FIRPO, por sí y representado por su tutor FRANCISCO ₌RUIZ, recurrente y peticionario, *v*. ADMINISTRACIÓN DE COMPENSACIONES POR ACCIDENTES DE AUTOMÓVILES, recurrida.

*Número:* O-78-164      *Resuelto:* 29 de junio de 1979

*Luis López Gómez,* abogado del recurrente; *Eliud Rodríguez Santana,* abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR MARTÍN emitió la opinión del Tribunal.

El presente recurso nos conduce a determinar si la inutilidad funcional de un miembro del cuerpo equivale a su "pérdida" o "desmembramiento" para propósitos del Art. 4, inciso (2) de la Ley de Protección Social por Accidentes de Automóviles, según enmendado, 9 L.P.R.A. sec. 2054(2).([1])

No existe controversia respecto a que el recurrente, Ramón Ruiz Firpo, sufrió una severa lesión cerebral en un accidente de tránsito ocurrido el 9 de septiembre de 1972. Como consecuencia de dicha lesión perdió el uso efectivo de las extremidades del lado izquierdo de su cuerpo. Así, aun sin sufrir daño anatómico directo, el brazo izquierdo y la pierna izquierda del recurrente han quedado tan débiles y tan pobremente coordinados, que han perdido su capacidad para realizar los actos normales del diario vivir.

El recurrente recibió de la recurrida, Administración de Compensaciones por Accidentes de Automóviles (A.C.A.A.), los servicios médicos y hospitalarios que son de rigor conforme a su condición física. Alegó, sin embargo, que merecía ser compensado por la pérdida de sus extremidades por entender que dicha compensación procede no sólo cuando ocurre la

---

([1])Dicho artículo dispone:

"(2) *Beneficios por desmembramiento:*

Los siguientes beneficios por desmembramiento se pagarán por la Administración en caso de que ocurran las pérdidas indicadas:

| | |
|---|---|
| Pérdida de la vista por ambos ojos | $5,000 |
| Pérdida de ambos pies desde el tobillo | .5,000 |
| Pérdida de ambos brazos sobre la muñeca | .5,000 |
| Pérdida de un brazo y una pierna | .5,000 |
| Pérdida de un brazo sobre la muñeca | .3,750 |
| Pérdida de una pierna sobre el tobillo | .3,750 |
| Pérdida de una mano o un pie | .2,500 |
| Pérdida total de la vista por un ojo | .2,500 |
| Pérdida de por lo menos tres dedos de la mano o del pie | .1,250 |

En caso de que una persona sufra más de una de las pérdidas indicadas anteriormente, la cantidad máxima por todas las pérdidas será de $5,000."

separación física del órgano afectado, si que también cuando éste resulta incapaz para llevar a cabo sus funciones normales. La compensación le fue negada por los distintos organismos de la A.C.A.A. por el fundamento de que la indemnización que establece el citado inciso (2) del Art. 4 de la Ley, tiene lugar exclusivamente cuando ha ocurrido la pérdida física del miembro. El Tribunal Superior de Puerto Rico, Sala de San Juan, dictó sentencia confirmando las determinaciones administrativas. No conforme el recurrente acude ante nos.

Dictamos resolución concediendo a la A.C.A.A. un plazo para que mostrara causa por la cual no debía compensarse al recurrente por la pérdida funcional de sus extremidades. La recurrida compareció oportunamente ofreciendo argumentos que nos han persuadido.

Es sana norma de hermenéutica estatutaria la que propone interpretar liberalmente los estatutos "reparadores". Véase R.E. Bernier, *Aprobación e Interpretación de las Leyes en Puerto Rico*, México, D.F., 1963, pág. 278 *et seq.* Comoquiera que la ley que analizamos se aprobó con el propósito de corregir una situación especial,(²) debe ser interpretada de modo que se conduzca tanto como sea posible hacia el logro de su propósito. Ahora bien, es conveniente señalar que al interpretar las coberturas ofrecidas por seguros públicos, resalta con elevado relieve nuestra obligación de no extender por vía de interpretación las protecciones que se consagran en los mismos para que alcancen situaciones que no están contempladas en el esquema de operación del seguro. *Vda. de Salazar* v. *Admor. Fondo del Estado*, 76 D.P.R. 108, 120 (1954). Ello puede redundar en el deterioro de la solvencia del programa con el consiguiente perjuicio que ello implica.

Con este principio en mente debemos examinar el estatuto que orienta la controversia en el caso de autos.

Según queda dicho los beneficios concedidos en el inciso (2) del Art. 4 de la Ley se refieren a "desmembra-

---

(²)Ver *Morales* v. *Lizarríbar*, 100 D.P.R. 717, 719–720 (1972).

miento". "Desmembrar" significa "dividir y apartar los miembros del cuerpo; separar, dividir una cosa de otra". Real Academia Española, *Diccionario de la lengua española*, Madrid, 1970, p. 458.[3] De ahí que al especificar las partidas que habrán de concederse como compensación por desmembramiento el estatuto indica con precisión el lugar desde donde debe ocurrir tal separación o desmembramiento al expresar la "pérdida de ambos pies *desde el tobillo*; pérdida de ambos brazos *sobre la muñeca*", etc. (Énfasis nuestro.)

La contención del recurrente tiene origen en la disposición que provee compensación por "pérdida de la vista por ambos ojos" sin que se requiera para que nazca el derecho a la derrama, que el solicitante haya sido privado del órgano visual en sí. Su argumento se desvanece con el pronunciamiento contenido en el Informe sometido a la Cámara de Representantes de Puerto Rico por sus Comisiones de Gobierno, de lo Judicial y de Hacienda, en torno a la medida en cuestión, del cual extraemos la siguiente explicación:

"3. Beneficios por Desmembramiento.—El plan contempla además, beneficios a pagarse por concepto de ciertos tipos de incapacidad *que resulten en desmembramiento de una o más extremidades o en pérdida de la visión por ambos ojos....*"22 *Diario de Sesiones, procedimientos y debates de la Asamblea Legislativa* 1042 (1968). (Énfasis suplido.)

Es fácil concluir que en cuanto al daño a los ojos, sólo se requiere que resulte en pérdida de visión, no en pérdida de los mismos. Es sabido que la pérdida de visión puede ser ocasionada incluso por lesiones cerebrales. Por otro lado, el daño a las extremidades debe ser causado por desmembramiento, por disposición expresa y clara de la Ley, a los fines de la aplicación del ya mencionado inciso (2) del Art. 4.[4]

---

[3]Las palabras de una ley, ordena el Art. 15 del Código Civil, "deben ser generalmente entendidas en su más corriente y usual significación, sin atender demasiado al rigor de las reglas gramaticales, sino al uso general y popular de las voces". 31 L.P.R.A. sec. 15.

[4]Es de rigor señalar además que en el inciso (3) del mismo Art. 4, 9 L.P.R.A. sec. 2054 (3), se proveen las condiciones que han de concurrir para que proceda

No tenemos duda de que le asiste la razón a la aquí recurrida, Administración de Compensaciones por Accidentes de Automóviles, al sostener que es necesaria la separación entre el cuerpo y el miembro afectado, salvo en casos de pérdida de visión, para que proceda la compensación que concede el inciso (2) del Art. 4 de la Ley de Protección Social por Accidentes de Automóviles.

*A tenor con los fundamentos expuestos se expide el auto de certiorari solicitado y se dictará sentencia confirmando la dictada por el Tribunal Superior de Puerto Rico, Sala de San Juan, en 7 de abril de 1978.*

---

compensar lesiones corporales que incapaciten la víctima sin que se requiera para la aplicación de este inciso que la incapacidad resulte en desmembramiento o pérdida de algún miembro del cuerpo. La controversia en este caso, sin embargo, quedó *limitada* por estipulación de las partes a la determinación de si la pérdida funcional de un miembro del cuerpo equivale a desmembramiento según lo dispuesto por el Art. 4 (2) de la Ley Núm. 138, 9 L.P.R.A. sec. 2054 (2).