CARLOS R. COIRA LUQUIS, ETC., ET AL., demandantes y recurrentes, *v.* JORGE DE JESÚS ROSAS, demandado y recurrido.

*Número:* R-74-138     *Resuelto:* 5 de febrero de 1975

346

R. *Elfrén Bernier* y *Plinio Pérez Marrero*, abogados de los recurrentes; *Arias Cestero, Gierbolini & García Soto*, abogados del recurrido.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

El tribunal de instancia atribuyó al demandado aquí recurrido De Jesús Rosas negligencia al chocar por la parte posterior el automóvil del recurrente, causando a éste lesiones y sufrimientos morales que el juzgador valoró en $5,500; y angustia y sufrimiento moral a su esposa, que no estuvo envuelta en el accidente, por valor de $1,500. Considerando el tribunal de instancia que tanto el recurrente Coira como su esposa fueron "víctimas" del accidente, dedujo de una y otra

compensación la cantidad de $1,000, importe de la exención establecida por la Sec. 8(2) (a) de la Ley de Protección Social por Accidentes de Automóviles. (9 L.P.R.A. sec. 2058(2) (a)). Los daños del automóvil de Coira, estipulados por las partes en $1,727.10. quedaron eliminados al resolver el juez que dicha suma está comprendida en la exención de $2,000 provista por la citada Sec. 8 para otros daños o pérdidas que no sean sufrimientos físicos o mentales.

Dispone la Sec. 8 de referencia:

"(1) Los beneficios que provee este Capítulo por concepto de lesiones sufridas en accidentes de automóviles ocurridos en el Estado Libre Asociado de Puerto Rico se pagarán, hasta los límites indicados en esta sección, en sustitución de las sumas que de otro modo tendría derecho a reclamar la víctima al amparo del principio de responsabilidad a base de negligencia, relevándose a la parte responsable del pago de toda reclamación hasta dichos límites o hasta el importe de los beneficios cobrados por la víctima y sus beneficiarios, de los dos el que resulte mayor.

(2) Se eximirá de la aplicación del principio de responsabilidad, a base de negligencia a toda persona que sea responsable, en virtud de un acto negligente de su parte, por daños o lesiones por los cuales se proveen beneficios bajo este Capítulo. Dicha exención no aplicará en aquellos casos en que la pérdida recobrable por la víctima en virtud de las lesiones sufridas exceda de:

(a) la cantidad de $1,000 por sufrimientos físicos y mentales incluyendo dolor, humillación y daños similares, y de

(b) la suma de $2,000 por concepto de otros daños o pérdidas no incluidas en (a).

(3) Toda persona a quien un tribunal declare en una acción civil relacionada con la posesión, mantenimiento, u operación de un vehículo de motor culpable de haber causado por negligencia lesiones por las cuales la víctima tenga derecho a recibir beneficios o servicios médico-quirúrgicos y de hospitalización bajo este Capítulo, tendrá derecho a una reducción en la sentencia impuesta por el tribunal hasta la cantidad indicada en esta sección.

(a) En cada caso en que aplique esta sección el Tribunal deberá indicar separadamente el importe de la indemnización

otorgada por daños debido a dolor y sufrimientos físicos y mentales y el importe de la indemnizacion otorgada por otras pérdidas.

(b) La reducción aplicable a daños por sufrimientos físicos y mentales será de $1,000.

(c) La reducción aplicable a daños y pérdidas por causas que no sean sufrimientos físicos y mentales será la suma de $2,000 ó el importe de los beneficios totales pagados por la Administración, si dicho importe fuera mayor de $2,000.

(d) La indemnización que un tribunal otorgue a los sobrevivientes de la víctima por concepto de los daños morales sufridos por éstos por razón de la muerte de dicha víctima, se reducirá por una suma igual al importe de los beneficios que la víctima y sus beneficiarios hayan recibido de la Administración."

. . . . . . . .

9 L.P.R.A. sec. 2058.

■ El transcrito texto, así como otros artículos de la misma ley, revelan un diseño para compensación de víctimas de accidentes de automóviles dentro del cual el concepto "víctima" se circunscribe a la persona que en contacto físico e inmediato con un vehículo de motor sufre daño, bien al entrar o al salir del mismo, mientras viaja o permanece en el automóvil o al ser atropellado por el vehículo. No admite otra interpretación la definición que hace el legislador en la Sec. 3 de la ley (9 L.P.R.A. sec. 2053) cuando ordena: "tendrá derecho a los beneficios que dispone este Capítulo toda persona natural que sufra daño corporal, enfermedad o la muerte resultante de éstas, como consecuencia del mantenimiento o uso por sí misma o por otra persona de un vehículo de motor como tal vehículo. Dicha persona será denominada de aquí en adelante 'la víctima'."

Al contacto directo con el vehículo causante del accidente restringen también la connotación del vocablo "víctima" las expresiones en la Sec. 4 del estatuto (9 L.P.R.A. sec. 2054) al disponer: que el beneficio por muerte se pagará siempre que la víctima muera, como consecuencia de las lesiones

sufridas, dentro de los 120 días siguientes a la fecha del accidente (inciso 2-a) ; que se pagarán beneficios "si las lesiones sufridas por la víctima le incapacitan en forma total y continua . . ." (inciso 2-b) ; que "si las lesiones sufridas en un accidente" de tránsito resultan en incapacidad que sobreviene dentro de 90 días de la fecha del accidente, habrá también beneficios (inciso 2-c) ; y que también se extenderán beneficios por incapacidad "si las lesiones sufridas por la víctima no le causan la muerte inmediata . . ." (inciso d) ; que habrá compensación semanal por lesiones corporales derivadas del accidente y dentro de los 20 días siguientes, que incapacitan a una víctima que no sea ama de casa (inciso 3-a) ; y finalmente la Sec. 8, *supra*, regula la indemnización que se otorgue a los sobrevivientes de la "víctima".

■ Una segunda premisa que es parte del esquema legislado vincula la reducción en la compensación otorgada en acciones por negligencia, a los beneficios que la Ley provee para el que sufre la reducción. Con gran claridad se ordena en el párrafo inicial de la Sec. 8, *supra*, que los beneficios se pagarán "en sustitución de las sumas que de otro modo tendría derecho a reclamar la víctima al amparo del principio de responsabilidad a base de negligencia." Por tanto, sólo la víctima de accidente, en ausencia de disposición especial, ha de sufrir la reducción de $1,000 por daños físicos y mentales y $2,000 por otros daños o pérdidas.

■ Toda vez que la esposa del recurrente por no hallarse envuelta en el accidente no es *víctima* con derecho a los beneficios provistos por esta ley no ha de operar contra ella la exención traducida a reducción en la cantidad a ella otorgada en compensación de daños.

■ Tampoco ha de absorberse por la exención de $2,000 la partida de daños a la propiedad, en este caso el automóvil del recurrente. Cuando la ley concede dicha exención hasta la suma de $2,000 "de otros daños o pérdidas" que no sean

sufrimientos físicos y mentales, no extiende el concepto al infinito; lo restringe a daños o pérdidas para los cuales la propia ley ofrece alguna reparación, daños o pérdidas protegidos por el estatuto que es uno de "protección social", y dentro de su contexto los únicos otros daños o pérdidas a los cuales puede oponerse la exención de la Sec. 8(2)(b) lo constituyen el costo de servicios médico-quirúrgicos y de hospitalización, u otros beneficios provistos por el sistema. (¹) Véase la declaración específica del inciso 3-c de la referida Sec. 8 que en términos definitorios y restrictos dice: "la reducción aplicable a daños y pérdidas por causas que no sean sufrimientos físicos y mentales será la suma de $2,000 o el importe de los beneficios totales pagados por la Administración, si dicho importe fuera mayor de $2,000."

■  Hallándose la compensación por daños a la propiedad fuera del ámbito de protección social que el legislador trazó en el estatuto, tampoco procede la eliminación de la partida por daños a la propiedad por errónea aplicación de dicha exención de $2,000.

*Se dictará sentencia concediendo a los recurrentes, libre de reducciones, las cantidades de $1,500 en compensación de los sufrimientos morales de la esposa; y de $1,727.10 por daños a su automóvil, y se confirmará la sentencia revisada luego de así modificada.*

---

(¹) En adición a los servicios médico-hospitalarios sólo se proveen beneficios consistentes en pagos por incapacidad, por muerte y por desmembramiento. 9 L.P.R.A. sec. 2054(1)(a).