RAMÓN LUIS SERRANO RODRÍGUEZ, ETC., ET AL., demandantes y recurridos, *v.* MIGUEL MONTES e INSURANCE CO. OF NORTH AMERICA, demandados y recurrentes.

*Número:* R-75-43          *Resuelto:* 13 de mayo de 1975

---

*Ernesto Rodríguez Font,* abogado de los recurrentes; *Mario A. Rodríguez,* abogado de los recurridos.

PER CURIAM: En 3 de abril de 1975 dictamos una orden dirigida a los demandantes recurridos para que mostraran causa por la cual no debía aplicarse en este caso la reducción dispuesta por la Ley de Protección Social por Accidentes de Automóviles, 9 L.P.R.A. sec. 2051 *et seq.*

El tribunal de instancia en este caso condenó a la parte demandada, que incluye al causante del accidente y a su compañía de seguros, a pagar solidariamente por daños físicos y morales sufridos por los demandantes en el accidente de automóviles objeto de la demanda las siguientes sumas: (1) al conductor demandante $2,000, (2) a su esposa $400 y (3) a su hija menor $300. Ordenó también el pago de lucro cesante al

conductor demandante en la suma de $600, más los daños al automóvil y honorarios de abogados.

El juez de instancia dispuso en la sentencia que "se observarán, en lo aplicable, las disposiciones de la Ley que crea la Administración de Compensaciones por Accidentes de Automóviles." Es evidente que el tribunal dejó al arbitrio de la parte demandada el hacer las deducciones que fueren pertinentes conforme lo expresa la referida Ley.

■ En *Rivera* v. *Batistini*, 100 D.P.R. 499 (1972) dejamos establecido que la Sec. 8, inciso (2) de la Ley referida exime de responsabilidad al causante del daño hasta la cantidad de Mil Dólares ($1,000.00) por concepto de sufrimientos físicos y mentales (9 L.P.R.A. sec. 2058(2)), y que al referirse a la víctima y no al accidente, dicha exención se aplica a cada víctima. Esto es, si hay varias víctimas la exención será de $1,000.00 para cada una.

■ También hemos dejado aclarado que la aludida exención favorece tanto al causante del accidente como a su compañía aseguradora. *Morales* v. *Lizarribar*, 100 D.P.R. 717 (1972).

■ En cuanto a la compensación por lucro cesante de $600 el tribunal de instancia expresa que no hubo prueba específica sobre la posible incapacidad para trabajar del conductor demandante, sin embargo, los evaluó en $600. Si éste estuvo tres meses sin poder trabajar tendría derecho a recibir de la A.C.A.A. el 50% de su salario sujeto a un máximo de $100 semanales por las primeras 52 semanas. 9 L.P.R.A. sec. 2054 (3) según enmendada en 27 de junio de 1972. Le es pues oponible la exención de $2,000 aplicable a daños y pérdidas por causas que no sean sufrimientos físicos y mentales. Comoquiera que el importe de la exención estatutaria excede la suma concedida por lucro cesante, debe descontarse ésta de la sentencia. *Coira Luquis* v. *De Jesús Rosas*, 103 D.P.R. 345 (1975).

No es necesario determinar si como cuestión de hecho las víctimas en este caso recibieron de la Administración de Compensaciones por Accidentes de Automóviles los beneficios que ofrece la Ley pues la exención se extiende a aquellos que aunque no se hayan acogido a ni recibido los beneficios del plan, tengan derecho a recibirlos. *Morales* v. *Lizarribar,* supra, 9 L.P.R.A. sec. 2054 (5) ; véase *Urrutia* v. *A.A.A.,* 103 D.P.R. 643 (1975).

En vista de la expresión del tribunal de instancia en el sentido de que "se observarán, en lo aplicable, las disposiciones de la Ley que crea la [A.C.A.A.]" concluimos que al conceder las compensaciones a las víctimas del accidente no tomó en cuenta las deducciones que por dicha Ley viene obligado a tomar en consideración.

■  Los tribunales de instancia vienen obligados a hacer las determinaciones sobre las exenciones aplicables de acuerdo con la Ley de Protección Social por Accidentes de Automóviles y consignar específicamente su aplicación en relación con cada uno de los conceptos de daños adjudicados. Véanse *Morales* v. *Lizarribar,* supra; *González* v. *Chavez,* 103 D.P.R. 474 (1975). Al no hacerlas hemos de presumir que no se han tomado en consideración, lo cual dificulta nuestra labor en la etapa de revisión.

*Se modificará la sentencia recurrida a los fines de aplicar la exención de $1,000 a la compensación por sufrimientos físicos y mentales sufridos por el conductor demandante, su esposa e hija menor, y para aplicar la exención de $2,000 por otros daños a la compensación por lucro cesante del demandante-recurrido. En su consecuencia la parte demandada-recurrente solamente vendrá obligada a pagar al conductor demandante la suma de $1,000 por sufrimientos físicos y mentales y la suma de $1,004 por la pérdida sufrida en relación con el automóvil. Así modificada se confirmará.*