DEMETRIO SAURÍ RODRÍGUEZ y la SOCIEDAD LEGAL DE GANAN-CIALES compuesta por él y su esposa MONSERRATE GUEVARES, demandantes y recurridos, *v.* GILBERTO COLÓN MARTÍNEZ, CAPARRA DAIRY, INC. y GFN INSURANCE AGENCY: JOHN DOE y RICHARD DOE, demandados y recurrentes.

*Número:* RE-90-343          *Resuelto:* 1ro de febrero de 1991

*Miriam González Olivencia,* de *Lasa, Escalera & Reichard,* abogada de los recurrentes; *Francisco Valcárcel Mulero,* abogado de los recurridos.

## SENTENCIA

Relativo a un accidente de vehículos de motor —en el cual el automóvil conducido por el demandante recurrido Demetrio Saurí Rodríguez fue impactado en la parte trasera por un camión perteneciente a la codemandada recurrente Caparra Dairy, Inc.— el Tribunal Superior de Puerto Rico, Sala de Caguas,(1) dictó sentencia determinativa de que el mencionado accidente se debió, única y exclusivamente, a la culpa y negligencia del conductor del

---

(1) Hon. Julio Berríos Jiménez, Juez Superior.

camión perteneciente a la mencionada codemandada recurrente. En relación con las lesiones sufridas por el demandante Saurí Rodríguez en el referido accidente —"trauma en la región cervical, lumbar y en la espalda"—(2) el foro de instancia le concedió a éste, *por concepto de sufrimientos y angustias mentales,* la suma de $35,000.(3)

Inconforme con la sentencia dictada, la parte demandada recurrente compareció ante este Tribunal en revisión de la misma. En el recurso que radicara dicha parte le imputa al foro de instancia la supuesta comisión de tres (3) errores, a saber:

A. Erró el Honorable Tribunal al excluir el testimonio del Oficial de Tránsito quien fuera debidamente citado y aportaría prueba sobre la falta de uso de los cinturones de seguridad por el demandante, constituyendo evidencia erróneamente excluida y por ende, determinante del monto de daños concedidos al demandante.

B. Incidió el Honorable Tribunal al conceder una indemnización exesiva [sic] al demandante basada en dolores sufridos.

C. El Honorable Tribunal cometió error al no consignar *específicamente* la determinación sobre las exenciones aplicables de la Ley sobre Compensación por Accidentes de Automóviles. (Énfasis en el original.)

Mediante Resolución de fecha 29 de junio de 1990 le concedimos el término de veinte (20) días a la parte demandante recurrida

. . . para mostrar causa por la cual este Tribunal no deba expedir el auto solicitado y dictar sentencia *modificatoria* de la emitida por el tribunal de instancia a los siguientes efectos:

(1) Reducir la suma de $35,000.00 concedida por concepto de daños y sufrimientos mentales a la suma de $10,000.00, y

(2) Reducir de dicha cuantía las sumas correspondientes a las deducciones de la Administración de Compensaciones por Accidentes de Automóviles (A.C.A.A.). (Énfasis en el original.)

---

(2) Véase Determinación de hecho Núm. 7 de la sentencia dictada por el foro de instancia. Apéndice I, pág. 3.

(3) El foro de instancia le concedió, adicionalmente, al demandante la cantidad de $1,636.79 por daños a la propiedad. Por último, condenó a la parte demandada a satisfacerle al demandante la suma de $3,000 en concepto de honorarios de abogado.

Dicha parte ha comparecido en cumplimiento de la referida resolución. Resolvemos.

I

En *Rodríguez Cancel v. A.E.E.*, 116 D.P.R. 443, 451 (1985), se esbozó claramente la norma prevaleciente en cuanto a la intervención de este Foro con la valorización de los daños y perjuicios por parte de los tribunales de instancia. En lo pertinente, expresamos:

> No hay duda de que en relación con esta difícil y angustiosa labor de estimación de daños, los tribunales de instancia, de ordinario, están en una mejor posición que los tribunales apelativos para evaluar la situación por cuanto son los que tienen contacto directo con la prueba que a esos efectos presenta la parte que los reclama. *Publio Díaz* v. *E.L.A.*, 106 D.P.R. 584 (1978). Ahí la razón para la norma de abstención judicial; esto es, de que este Tribunal no intervendrá con la decisión que a ese respecto emitan los tribunales de instancia a menos que las cuantías concedidas sean ridículamente bajas o exageradamente altas, *Valldejuli Rodríguez* v. *A.A.A.*, 99 D.P.R. 917 (1971), *Urrutia* v. *A.A.A.*, supra, y de que la parte que ante este Tribunal solicita la modificación de las sumas concedidas a nivel de instancia viene obligada a demostrar la existencia de las circunstancias que hacen meritorio el que se modifiquen las mismas. *Canales Velázquez* v. *Rosario Quiles*, 107 D.P.R. 757 (1978).

Entendemos que en el caso de autos el recurrente ha demostrado la existencia de "circunstancias que hacen meritorio" que se modifique la cuantía de $35,000 concedida por concepto de sufrimientos y angustias mentales. Veamos.

La valorización de los daños que hizo el foro de instancia *descansó casi exclusivamente en la prueba pericial* presentada por la parte demandante. La misma no fue controvertida por la parte demandada según se hizo constar en la determinación, de hecho Núm. 14 de la sentencia recurrida. Aun cuando la prueba no haya sido controvertida por el demandado, sin embargo, *la misma debe establecer claramente la magnitud de los daños a los fines de poder valorizarlos correctamente.*

Surge con claridad de la sentencia recurrida que como consecuencia del accidente, *el demandante tiene espasmos en los músculos cervicales y dolores de cabeza postraumáticos.* Se le diagnosticó miositis L-5 y un síndrome radicular y ha estado recibiendo terapia física para aliviar su condición. Sin embargo, la prueba pericial aportada por la parte demandante *no estableció con claridad los daños sufridos por el demandante*; la misma señaló unos "posibles" padecimientos basándose en conjeturas de un perito neurólogo —Dr. Héctor J. Cases— quien *no* ordenó que se le hicera un *CT Scan* al demandante para precisar cuál era el problema de su espalda. Así, en la determinación de hecho Núm. 11 se consignó lo siguiente:

11. La impresión diagnóstica del Neurólogo, doctor Héctor J. Cases, declarado como [sic] perito de la parte demandante en esta acción, reveló que el demandante Saurí *pudiera* resultar con posible herniación de disco a nivel lumbar-sacral dado el tiempo que han estado presente los dolores. Presenta espasmo muscular del área lumbo-sacral; y *posible* radiculopatía. Estos padecimientos *pueden* estar presentes por el resto de su vida. Presenta un impedimento fisiológico permanente de un diez (10%) a un treinta (30%) por ciento. (Énfasis suplido.)

Es por ello que entendemos que en el caso de autos la indemnización está basada en una prueba especulativa; ello no cumple con los criterios requeridos en esta clase de situaciones. Según señalamos en *Masa v. A.F.F.*, 96 D.P.R. 856, 873 (1969): "[L]a cuantía de daños realmente sufridos como los previamente relacionados, *debe probarse con razonable certeza y presición, sin recurrir a especulaciones.*" (Énfasis suplido.)

Evidencia de que los "daños" sufridos por el demandante recurrido no ameritan la suma de dinero que le concediera el foro de instancia por concepto de sufrimientos y angustias mentales lo constituye el hecho de que los mismos *no* impidieron que el demandante, luego de la ocurrencia del accidente, continuara trabajando normalmente como orgnizador de la Unión Insular de Trabajadores Industriales y Construcciones Eléctricas (U.I.T.I.C.E.).

Procede, en consecuencia, actuar según lo intimado en la orden de mostrar causa emitida y *reducir* la cantidad de $35,000 concedida al demandante "por concepto de sufrimientos y angustias mentales" a la suma de $10,000.

## II

Finalmente, mediante el tercer señalamiento de error el recurrente alega que el foro de instancia erró al no consignar *específicamente* la determinación sobre las exenciones aplicables de la A.C.A.A. Coincidimos con su planteamiento.

En *Serrano Rodríguez v. Montes*, 103 D.P.R. 822, 825 (1975), expresamente se señaló que:

> Los tribunales de instancia vienen obligados a hacer las determinaciones sobre las exenciones aplicables de acuerdo con la Ley de Protección Social por Accidentes de Automóviles *y consignar específicamente su aplicación en relación con cada uno de los conceptos de daños adjudicados* . . . . Al no hacerlas hemos de presumir que no se han tomado en consideración, lo cual dificulta nuestra labor en la etapa de revisión. (Énfasis suplido.)

En el caso de autos, el foro de instancia en la parte dispositiva de la sentencia ordenó el pago de una compensación de $35,000 por concepto de sufrimientos y angustias mentales y señaló que "de esta suma se debe descontar la cantidad correspondiente conforme las disposiciones de la Ley de Administración de Compensaciones por Accidentes de Automóviles (A.C.A.A.)". Apéndice I, pág. 7. La sala sentenciadora no cumplió con su deber de hacer *determinaciones específicas* sobre las exenciones de la A.C.A.A.; al proceder de esa manera erró. Procede que se devuelva el caso al tribunal de instancia para que éste cumpla con lo resuelto en *Serrano Rodríguez v. Montes*, ante.

Así lo pronunció y manda el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Alonso Alonso emitió opinión disidente en parte y de conformidad en parte, a la cual se

unen la Juez Asociada Señora Naveira de Rodón y el Juez Asociado Señor Hernández Denton.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

—O—

Opinión disidente en parte y de conformidad en parte del Juez Asociado Señor Alonso Alonso, a la cual se unen la Juez Asociada Señora Naveira de Rodón y el Juez Asociado Señor Hernández Denton.

Luego de haber sufrido un accidente en el que su automóvil fue impactado en la parte trasera por un camión, el señor Saurí Rodríguez *sufre otro impacto devastador*: ver reducida la indemnización de treinta y cinco mil dólares ($35,000) que el foro de instancia le había concedido a ocho mil dólares ($8,000) por mandato de este Tribunal.(1) Disiento de tal dictamen.

Este Tribunal no debió intervenir con la apreciación de la indemnización concedida por el foro de instancia, haciendo más oneroso el proceso reparador de la concesión de daños.

Nuestra función revisora sobre la valorización de los daños o consecuencia lesiva física, económica y moral del perjudicado ha sido, como regla general, la de abstención y deferencia hacia las determinaciones que sobre este aspecto hacen los tribunales de instancia, pues son ellos los juzgadores directos del drama judicial viviente de quien los reclama. *Rodríguez Cancel v. A.E.E.*, 116 D.P.R. 443, 451 (1985). Este Foro debe intervenir cuando se nos demuestren circunstancias que así lo justifiquen, como lo serían unas sumas de dinero ridículamente bajas o exageradamente altas de acuerdo con los particulares hechos del caso. *Cf. Urrutia v. A.A.A.*, 103 D.P.R. 643 (1975); *Canales Velázquez v. Rosario Quiles*, 107 D.P.R. 757 (1978).

---

(1) Según el foro de instancia, *el demandado* Colón Martínez conducía dicho camión a velocidad exagerada y no guardaba la distancia requerida para evitar el accidente. El foro de instancia determinó que el señor Saurí tenía puesto el cinturón de seguridad. El impacto fue de tal naturaleza que el señor Saurí se quedó aturdido dos (2) o tres (3) minutos hasta que el otro conductor se acercó para preguntarle como se sentía.

La cantidad que el foro de instancia concede al perjudicado depende de muchas y variadas circunstancias que concurren en el caso. Entre éstas podemos señalar la gravedad de los daños sufridos, la existencia de sufrimientos (tanto físicos como mentales), el ajuste de la compensación a las realidades sociales y económicas, la pérdida de ingresos provenientes del trabajo y los altos costos médicos del tratamiento de las lesiones.

Estos y otros factores convergen en la valorización que en definitiva obtiene quien acude al foro judicial en busca de justicia e indemnización por el agravio sufrido.

Hoy, la sentencia de este Foro parece obviar todos esos factores y se limita a determinar que "la prueba pericial aportada por la parte demandante no estableció con claridad los daños sufridos por el demandante . . .". (Énfasis suprimido.) Sentencia, pág. 4. ¿Fue esa la única prueba o la prueba predominante en la valorización de los daños que hizo el foro de instancia? Veamos.

Aquí el juzgador tuvo ante sí, además, *prueba incontrovertida del expediente de la Administración de Compensación por Accidentes de Automóviles (A.C.A.A.)*, del cual surge que el demandante tiene espasmos en los músculos cervicales y dolores de cabeza postraumáticos, un diagnóstico de miositis L-5 y un síndrome radicular que ha requerido de terapia física para aliviar su condición. Presenta, además, un impedimento fisiológico permanente de un diez por ciento (10%) a un treinta por ciento (30%). Dicho juzgador tuvo ante sí al señor Saurí, quien declaró que "no puede dormir bien, durmiendo generalmente en el piso para evitar el dolor y apenas comparte consensualmente con su esposa; que ha estado padeciendo, desde entonces, de fuertes dolores de cabeza de carácter pos[t]raumático [y finalmente] ha visto limitadas sus funciones [en su trabajo]". Escrito en mostración de causa, pág. 40.

Más aún, el foro de instancia determinó que el señor Saurí ha estado padeciendo y continuará sufriendo *durante toda su vida* de los dolores en el área lesionada.

Así, este trabajador puertorriqueño cuyo automóvil fue impactado en la parte trasera por un camión de leche, propiedad

de la Caparra Dairy, mientras esperaba el cambio de una luz para dirigirse a su trabajo, verá reducida la justa compensación que el foro de instancia le había otorgado mediante la sentencia de este Tribunal. La injusticia que se comete contra este recurrido resulta más lamentable cuando tomamos en consideración que la compañía aseguradora de la Caparra Dairy ha obligado la litigación de este pleito en forma temeraria. El foro de instancia, con razón, le impuso tres mil dólares ($3,000) a los demandados, a ser satisfechos solidariamente, *en concepto de honorarios de abogado*. Tal dictamen refleja que el foro entendió que dichas partes fueron temerarias en la tramitación del pleito. *Los peticionarios ante nos no cuestionan tal determinación.*

Ante tales circunstancias no podemos menos que expresar nuestro más enérgico disenso sobre la decisión de este Tribunal.

## II

Estamos conformes en que se devuelva el caso sólo para que se hagan las determinaciones específicas sobre las exenciones de la A.C.A.A. establecidas por mandato de ley. *Serrano Rodríguez v. Montes*, 103 D.P.R. 822, 825 (1975).