# 97 DTA 193

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE SAN JUAN**
**PANEL II**

JACOBO BENZAQUEN CHOCRON, ET ALS
Demandantes-Apelados

v.

RADAMES VAZQUEZ, ET ALS
Demandados-Apelados

Núm. KLAN-96-01277

San Juan, Puerto Rico, a 12 de septiembre de 1997

Panel integrado por su Presidenta, Juez Alfonso de Cumpiano
y los Jueces Giménez Muñoz y Miranda De Hostos

Miranda De Hostos, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se apela de una sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan, que declaró con lugar la demanda de daños y perjuicios radicada por los apelados. Mediante dicha sentencia se condenó a los apelantes a pagar la suma total de $45,000.00 en concepto de daños y $6,727.48 por gastos médicos.

Por no estar conforme con dicho dictamen, los apelantes recurren a este Tribunal alegando la comisión de cuatro errores, a saber: primero, que erró el tribunal apelado al conceder una compensación exageradamente alta y al determinar, en ausencia de prueba, que existía relación causal; segundo, que erró al concluir que el no tener puesto el cinturón de seguridad no contribuyó a la ocurrencia de los daños sufridos por el menor Eleazar Benchetrit; tercero, por conceder compensación por concepto de gastos médicos cuando los apelados habían renunciado a acogerse a los beneficios de la Administración para la Compensación por Accidentes de Automóviles (ACAA); y cuarto, que no aplicó la exención por concepto de sufrimientos físicos y mentales provista por la Ley de Protección Social por Accidentes de Automóviles.

Atendido el recurso y la oposición, se modifica la sentencia y así se confirma por los siguientes fundamentos.

### I

Los hechos que dan lugar al presente recurso se relatan a continuación.

El 30 de septiembre de 1991 alrededor de las 3:10 P.M. la apelada se encontraba acompañada de su hijo de ocho años, el menor Eleazar Benchetrit. La apelada conducía su vehículo de motor marca Mercury, año 1989, tablilla número AWJ-038.

El accidente fue provocado por el vehículo de motor marca Ford Custom F-150, tablilla número 403273, propiedad de Assembler Fabrication (ASFA), compañía apelante. Este era conducido por el apelante el señor Caleb Flores de manera negligente, atolondrada, a una velocidad exagerada y en completo menosprecio a la seguridad de todas las personas que por allí transitaban.

El auto que conducía el señor Flores impactó por la parte posterior el vehículo de motor marca Jeep Cherokee, tablilla AZE-462 propiedad y conducido por el Sr. Radamés Vázquez. Como resultado de dicho golpe, este último impactó el vehículo de la señora Benchetrit en su parte posterior.

La causa exclusiva, directa y próxima del accidente lo fue la negligencia y falta de cuidado del apelante el Sr. Caleb Flores quien provocó el accidente al no guardar la distancia, mientras ejercía sus funciones como empleado de ASFA.

Como consecuencia de dicho accidente la apelada, señora Benchetrit sufrió lesiones severas en el cuello, tórax, parte de la espalda y cabeza, por lo que tuvo que recibir tratamiento médico. Desde entonces, la señora Benchetrit ha padecido de intensos sufrimientos físicos, angustias mentales y morales. La Sociedad Legal de Gananciales compuesta por la apelada y su esposo, el Sr. Jacobo Benzaquen Chocrón incurrieron en gastos médicos. El señor Benzaquen Chocrón también sufrió daños al ver en las condiciones en que quedó su esposa como resultado del accidente.

El menor Eleazar Benchetrit recibió intensos sufrimientos físicos, los cuales recrudecieron su problema de asma. También sufrió angustias mentales. Al día siguiente del accidente, el menor fue intervenido en el Hospital Presbiteriano. Se ausentó de la escuela el 2, 3 y 4 de octubre de 1991. El 10 de noviembre tuvo que ser hospitalizado nuevamente hasta el 15 de noviembre. El 21 de ese mes tuvo que ser intervenido de emergencia. Todo ello afectó el itinerario escolar del niño durante esos dos meses. A pesar de que el menor viajaba en la parte trasera del auto que conducía su madre, la señora Benchetrit, sin tener colocados los cinturones de seguridad, esta situación no contribuyó significativamente en la ocurrencia de los daños que éste sufrió como consecuencia del accidente.

Los gastos médicos incurridos por la parte apelada ascienden a $6,727.48. Los daños ocasionados al vehículo que conducía la señora Benchetrit para la fecha del accidente, ascendieron a $5,078.32.

Estos fueron satisfechos íntegramente por la Corporación Insular de Seguros.

## II

A la luz de los hechos antes esbozados, analicemos el Derecho aplicable a la controversia planteada.

Los primeros dos errores por estar estrechamente relacionados se discutirán en conjunto. Los apelantes alegan que el foro de instancia concedió una compensación muy alta, que determinó la existencia de relación causal en ausencia de prueba y que la conclusión de que el hecho de que el menor no llevara puesto el cinturón de seguridad no contribuyó a que éste sufriera daños, es equivocada. No tienen razón.

### -A-

La sección 5-101 de la Ley Núm. 141 del 20 de julio de 1961, conocida como la Ley de Vehículos y Tránsito, prohibe a toda persona guiar a una velocidad mayor de las que le permita ejercer el debido dominio del vehículo y reducir la velocidad o parar cuando sea necesario para evitar un accidente. 9 L.P.R.A. sec. 841.

El que maneja un vehículo de motor debe ejercer el debido cuidado y tomar precauciones para garantizar la seguridad de los ciudadanos y la propiedad, tomando en consideración el ancho, uso y tránsito de la carretera. 9 L.P.R.A. sec. 841(a).

Un conductor que impacta con su vehículo a otro por detrás, hace surgir un fuerte indicio de que su actuación fue culposa. *Torres Pérez v. Colón García,* 105 D.P.R. 616, 625 (1977).

Cuando ocurre un accidente de automóviles en cadena, la causa eficiente, es decir el que por su conducta culposa provoca el accidente, es el último carro provocador de las colisiones. Cf. *Valle v. Amer. Inter. Ins. Co.,* 108 D.P.R. 692 699 (1979). (Autoridades citadas.)

Por último y no menos importante, nuestro más alto foro ha expresado que la no utilización de los cinturones de seguridad en casos de accidentes de automóviles, constituye negligencia en la medida en que la parte demandada demuestre, según los hechos particulares del caso y mediante prueba competente, la existencia de relación causal entre tal omisión y el daño sufrido. *Canales Velázquez v. Rosario Quiles, supra,* págs. 771-772.

### -B-

Según el Artículo 1802 del Código Civil de Puerto Rico, toda persona que por su culpa o negligencia cause daño a otra, está obligada a reparar el daño causado. Para que la persona que alegadamente causa un daño sea responsable civilmente tienen que concurrir tres elementos: primero, que su actuación u omisión sea culposa o negligente; segundo, que en efecto haya causado un daño material o moral; y tercero, que exista relación causal entre lo primero y lo segundo. 31 L.P.R.A. sec. 5141; *Vélez Rodríguez v. Amaro Cora,* opinión de 10 de abril de 1995, **95 J.T.S. 38,** pág. 756.

*"Nuestro más alto foro ha resuelto que para que exista negligencia, los daños resultantes de un acto deben ser algo que un hombre prudente y razonable pueda prever. Los daños deben ser consecuencia probable del acto negligente." Toro Aponte v. E.L.A.,* opinión de 31 de enero de 1997, **97 J.T.S. 18,** pág. 627; *Torres Trumbull v. Pesquera,* 97 D.P.R. 338, 342 (1969).

### -C-

Es norma ampliamente reiterada que un tribunal apelativo no intervendrá con las determinaciones de hechos del tribunal apelado a menos que sean claramente erróneas o se pruebe pasión, prejuicio o parcialidad. *Rivera Pérez v. Cruz Corchado,* 119 D.P.R. 8, 14 (1987). El juez de instancia está en mejor posición de aquilatar la prueba pues tiene la oportunidad de observar a los testigos declarar y la manera en que se comportan. *Pérez Cruz v. Hosp. La Concepción,* 115 D.P.R. 721, 728 (1984); *Sánchez Rodríguez v. López Jiménez,* 116 D.P.R. 172, 181 (1985).

De ordinario, los tribunales de instancia están en una mejor posición que los tribunales apelativos para realizar la labor de estimación de daños al tener contacto directo con la prueba que a esos efectos

presenta la parte que los reclama. *Rodríguez Cancel v. A.E.E.*, 116 D.P.R. 443, 451 (1985). La parte que solicita la modificación de las cuantías tiene la obligación de demostrar la existencia de las circunstancias que hacen meritorio el que se modifiquen las mismas. *Vélez Rodríguez v. Amaro Cora*, opinión de 10 de abril de 1995, **95 J.T.S. 38**, pág. 759.

## III

Expuestos los principios jurídicos aplicables, analicemos los hechos en controversia.

Del análisis que hizo el tribunal de instancia de la prueba que tuvo ante sí no hallamos indicio alguno de pasión, prejuicio o parcialidad al momento de adjudicar la controversia.

La parte apelada probó que el accidente ocurrió por motivo de que la parte apelante no guardó la distancia prudente entre vehículos, lo cual provocó el impacto. Como consecuencia del accidente la parte apelada sufrió daños físicos y angustias mentales que requieren asistencia médica que deben ser compensados por el que los provocó.

Valga el señalar que tampoco creemos que la compensación impuesta sea alta y la misma se sustenta en la apreciación que hizo el foro apelado sobre los daños causados. La parte apelante no ha presentado prueba para desvirtuar la cuantía de la compensación concedida.

En cuanto al hecho de que el menor no llevara puesto el cinturón de seguridad el tribunal apelado determinó que el apelante no probó, como requiere la jurisprudencia, la relación causal entre la omisión del menor de epígrafe de utilizar el cinturón y los daños que sufrió. En ausencia de dicha prueba, no estamos en posición de variar la conclusión del tribunal apelado, inclusive sobre las cuantías concedidas a la parte apelada.

Dadas las circunstancias expresadas, concluimos que los errores señalados no fueron cometidos.

## IV

En cuanto al tercer y cuarto error, que el foro apelado no aplicó las exenciones que dispone la Ley de Protección Social por Accidentes de Automóviles, concluimos que le asiste la razón a la parte apelante. Veamos.

La sec. 8 de la Ley Núm. 138 de 1ro. de julio de 1969, conocida como Ley de Protección Social por Accidentes de Automóviles dispone, que en las causas de acciones por negligencia en accidentes de automóviles hay una exención por $1,000.00 por sufrimientos físicos y mentales incluyendo dolor y daños similares y la suma de $2,000.00 por concepto de otros daños o pérdidas. 9 L.P.R.A. sec. 2058; *González v. Chaves*, 103 D.P.R. 474, 477 (1975). (Casos citados).

El tribunal de instancia al emitir su sentencia deberá hacer las exenciones dispuestas por ley. De no hacerlas se presumirá que las tomó en consideración al adjudicar los daños. *Serrano Rodríguez v. Montes*, 103 D.P.R. 822, 825 (1975).

Debemos enfatizar, que cuando un reclamante no se acoge al sistema de servicios médicos que ofrece la Ley Núm. 8, *supra*, teniendo derecho a ello, *"[l]e es oponible válidamente la cuantía mayor en gastos médico-hospitalarios incurrida fuera del sistema debiendo deducirse la suma total en exceso de $2,000.00." Urrutia v. A.A.A.*, 103 D.P.R. 643, 648-649 (1975). El reclamante que no se acoge a los servicios médicos hospitalarios aun cuando era elegible, se le descontará de la sentencia la cuantía total en que incurrió por concepto de tales servicios. Brau del Toro, Herminio, *Los Daños y Perjuicios Extracontractuales en Puerto Rico*, **Publicaciones J.T.S., Inc.**, 1986, págs. 928-29.

En el presente caso y así lo acepta la parte apelada en su escrito, procede la deducción de $1,000.00 en cada una de las partidas concedidas a la parte apelada en específico a Eleazar y Celia ya que las mismas no se realizaron al dictarse sentencia. Además, deberá deducirse la suma total en exceso de $2,000.00 de la partida concedida por concepto de gastos médicos, por razón de que la parte apelada no se acogió a dicho sistema, lo cual no ha sido rebatido.

Por los fundamentos expresados se modifica la sentencia emitida por el tribunal de instancia, condenando a la apelante a satisfacer a Eleazar Benchetrit la cantidad de $24,000.00 y a Celia Benchetrit la cantidad de $14,000.00; se elimina la cuantía por concepto de gastos médicos y así modificada se confirma en cuanto a los demás extremos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General