Miranda De Hostos, Juez Ponente
*732 TEXTO COMPLETO DE LA SENTENCIA
Con el propósito de que los recursos se tramitaran de una manera rápida y eficaz, ordenamos la consolidación de los recursos KLAN-04-00436 y KLAN-04-00438, mediante resolución de 5 de mayo de 2004.
Las partes apelantes solicitan revoquemos una sentencia del Tribunal de Primera Instancia, Sala Superior de Humacao, que imputó responsabilidad civil a ambos coapelantes por los daños sufridos por la parte apelada y determinó que ambos incurrieron en temeridad, ordenándoles al pago de honorarios.
En el recurso KLAN-04-00436, alega la coapelante María Castillo de Poveriet, en síntesis, que incidió el tribunal de instancia al no imponer negligencia comparada al apelado Juan Rodríguez Garay; al adoptar el proyecto de sentencia presentado por la parte apelada; y al encontrar temerarios a los coapelantes. En el recurso KLAN-04-00438, el coapelante Francisco Castillo Villavicencio alega, en síntesis, que incidió el tribunal de instancia al responsabilizar a Hilda’s Liquor Store y a los coapelantes; al no imponer responsabilidad al apelado Rodríguez Garay; y al no aplicar en su sentencia las disposiciones de la Ley ACAA.
Considerados ambos recursos presentados y el alegato en oposición, se revoca la sentencia apelada en cuanto a la responsabilidad imputada al coapelante Francisco Castillo, la temeridad imputada a éste y se modifica la sentencia en cuanto á la no aplicación de las disposiciones sobre las deducciones por daños físicos y mentales de la. Ley ACAA, confirmándose sobre los demás extremos. Veamos los fundamentos.
I
Los hechos que dan origen al presente recurso comenzaron en la mañana del 18 de febrero de 2002, cuando el apelado Rodríguez Garay se encontraba en el estacionamiento de Hilda’s Liquor Store. Alrededor de las 8:45 de la mañana, la coapelante María Castillo llegó a Hilda’s Liquor Store en su automóvil para trabajar en el mencionado negocio. Cuando ella fue a estacionar su automóvil en el espacio de estacionamiento que se encuentra al lado izquierdo del contenedor de basura BFI, una de las gomas de su automóvil pasó por encima del pie izquierdo del apelado Rodríguez Garay, causándole daños. (Ap. 7, pág. 24.)
A causa del mencionado accidente, el 8 de enero de 2003, Rodríguez Garay, Carmen Alvarado y Alejandrina Garay (parte apelada), presentaron demanda de daños y peijuicios en contra de María Castillo, Carlos Poveriet y la sociedad legal de gananciales compuesta por ambos, Francisco Castillo h/n/c Hilda’s Liquor Store y la compañía de seguros Triple-S, Inc. En la misma, la parte apelada reclamó la indemnización de los daños sufridos por ellos, a causa de que María Castillo pasó una goma de su automóvil sobre el pie izquierdo de Rodríguez Garay. (Aps. 1, 4 y 5, págs. 1-4 y 10-21.) Reclamaron la suma total de $705,000.00 como indemnización por gastos médicos, lucro cesante, sufrimientos y angustias mentales sufridas por los apelados a causa de los alegados daños causados por los coapelantes. (Ap. 1, págs. 2-4.)
Luego de varios incidentes procesales, el tribunal de instancia celebró el juicio, donde declararon como testigos de la parte apelada, Juan Rodríguez Garay, Francisco Esterlitz Barquero, Alejandrina Garay, Carmen Alvarado y el Dr. Carlos Grovas Badrena. Como testigos de los coapelantes, declararon María Castillo, Francisco Castillo, Ventura Castillo e Ismael Rivera; además, se presentaron una serie de documentos y fotografías como evidencia. (Aps. 15, 20 y 24, págs. 141-143, 157-158 y 165-167.) El tribunal de instancia solicitó la presentación de un proyecto de sentencia, el cuál fue así presentado por la parte apelada. (Ap. 22, *733 pág. 162.)
El 23 de febrero de 2004, el tribunal de instaiicia dictó sentencia, declarando con lugar la demanda de daños y peijuicios y responsabilizando a María Castillo en ún setenta por ciento (70%), mientras que responsabilizó a Castillo en un treinta por ciento (30%). Además, él foro de instancia valoró los daños sufridos por Rodríguez Garay, en $45,000.00, los daños de Carmen Alvarado en $5,000.00 y los de Alejandrina Garay en $5,000.00 dólares. (Ap. 24, pág. 181.)
En adición, el foro apelado condenó a los coapelantes a pagar $10,000.00 en honorarios de abogado e intereses por temeridad por no haber hecho “ofrecimiento transaccional razonable ni oportuno a pesar de la prueba de negligencia y daños la cual no fue efectivamente impugnada”. Además, condenó a los coapelantes a pagar las costas del caso. (Ap. 24, pág. 181.)
Ihconformes con dicha determinación, los coapelantes acuden ante nos a través del recurso de apelación.
n
Expuestos los hechos pertinentes a las controversias ante nuestra consideración, procedemos a discutir la norma jurídica aplicable.
A
Las acciones en daños y perjuicios por accidentes de tránsito
El Artículo 1802 del Código Civil establece que el que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado. 31 L.P.R.A. see. 5141. Es necesario probar: 1) la existencia de un daño real; 2) que haya mediado culpa o negligencia; 3) que exista una relación causal entre el daño causado y la conducta culposa o negligente. Colón González v. K-Mart, opinión de 26 de junio de 2001, 2001 J.T.S. 98, págs. 1482-1483. (Casos citados.)
La culpa o negligencia es la falta del debido cuidado, que consiste en no anticipar y prever las consecuencias racionales de un acto u omisión que una persona prudente y razonable hubiera previsto en las mismas circunstancias. Sin embargo, el deber de anticipar y prever no comprende todo peligro inimaginable, sino aquél que llevaría a una persona prudente y razonable a preverlo. Montalvo v. Cruz, 144 D.P.R. 748, 755-756 (1998).
Para determinar la previsibilidad del daño, no es necesario que se haya anticipado el mismo en la forma precisa en que ocurrió, pues basta con que el daño ocasionado sea la consecuencia natural y probable del acto u omisión. Tormos Arroyo v. D.I.P., 140 D.P.R. 265, 274 (1996).
En nuestro ordenamiento jurídico rige-la doctrina de la causalidad adecuada. Valle Izquierdo v. ELA, opinión de 14 de mayo de 2002, 2002 J.T.S. 70, pág. 1141. El Tribunal Supremo ha expresado que bajo tal doctrina:

“[...][u]n daño parece ser el resultado natural y probable de un acto negligente si después del suceso, y mirándolo retroactivamente el acto que se alega ser negligente, tal daño aparece como la consecuencia razonable y ordinaria del acto.”

Torres Trumbull v. Pesquera, 97 D.P.R. 338, 343-344 (1969).
*734 B
Responsabilidad de dueños de establecimientos
En esta jurisdicción, la persona que mantiene un establecimiento comercial abierto al público, debe mantener el local en condiciones de seguridad tales que no causen daños a los clientes. Colón González v. K-Mart, supra; Soc. Gananciales v. G. Padín Co., Inc., 117 D.P.R. 94, 104 (1986). En otras palabras, corresponde al dueño de un negocio o a su propietario mantener el área al que tienen acceso sus clientes como un sitio seguro. Cotto v. C. M. Ins. Co., 116 D.P.R. 644, 650 (1985). Sin embargo, esa responsabilidad no es absoluta. El dueño del establecimiento:
“[n]o es un asegurador absoluto de la seguridad de los clientes del negocio, y su deber sólo se extiende al ejercicio del cuidado razonable para su protección.[ — ]”.
Goose v. Hilton Hotels, 79 D.P.R. 523, 527-528 (1956).
Así pues, corresponde a la parte demandante probar ño sólo la existencia de una condición peligrosa en el local comercial, sino también que el dueño del establecimiento conocía esa condición o pueda imputársele su conocimiento. Cotto v. C. M. Ins. Co., supra. En otras palabras, el demandante tiene que probar que su daño se debió a la existencia de una condición peligrosa, y que esa condición fue la que con mayor probabilidad ocasionó el daño, y que la misma era conocida por el demandado, o que debió conocerla. Colón González v. K-Mart, supra, pág. 1483.
C
Negligencia comparada
El Artículo 1802 del Código Civil, supra, establece que quien por su culpa o negligencia cause daño a otro, tiene el deber jurídico de repararlo. La negligencia del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización. Quiñones López v. Manzano Pozas, 141 D.P.R. 139, 176 (1996).
Cuando el peijudicado incurre en responsabilidad, el tribunal debe determinar la fracción de responsabilidad o negligencia de cada parte y reducir la indemnización de conformidad con tal distribución a base de porcientos, bajo la doctrina que se conoce como la negligencia comparada. Miranda v. E.L.A., 137 D.P.R. 700, 713 (1994); Irizarry Yunqué, Carlos J., Responsabilidad Civil Extracontractual, 3ra Ed., 1998, pág. 378.
D
Ley de Vehículos y Tránsito
La Ley de Vehículos y Tránsito de Puerto Rico, Ley Núm. 22 de 9 de octubre de 2000, dispone sobre las medidas de precaución que debe tomar todo conductor de vehículo de motor, al momento de conducir el mismo por la vía pública. Según expresado por el Juez Asociado Negrón García en la opinión concurrente del caso de Díaz v. E.L.A., 118 D.P.R. 395, 402 (1987), “manejar un vehículo de motor conlleva ciertos riesgos inherentes”. Entre tales riesgos, está la interacción con peatones, lo cual queda consagrado en el Artículo 9.03 de la Ley de Vehículos y Tránsito del 2000, supra. El mismo dispone en su parte pertinente que:

“Toda persona que conduzca un vehículo por las vías públicas, vendrá obligada a:

1-1

(c) Tomar todas las precauciones para no arrollar a los peatones, debiendo tomar precauciones especiales 
*735
cuando los peatones fueren niños, ancianos o personas incapacitadas. Estas precauciones serán tomadas aun cuando el peatón estuviere haciendo uso incorrecto o ilegal de la vía pública. [...]”.

9 L.P.R.A. see. 5253; Cf. Nieves Vélez v. Bansander Leasing Corp., 136 D.P.R. 827, 841 (1994). (Casos citados).
E
Las deducciones bajo ACAA
Bajo los beneficios de ACAA, cuando un tribunal declare en una acción civil responsable a una persona de haber causado lesiones por negligencia, ésta tendrá derecho a una exención en la sentencia hasta de $1,000.00 en daños por sufrimientos físicos y mentales y por otros daños, hasta la suma de $2,000.00 dólares. See. 8, Ley Núm. 138 de 26 de junio de 1968, 9 L.P.R.A. 2058(3)(a),(b) y (c).
Nuestro más alto foro ha reconocido que los tribunales de instancia vienen obligados a hacer las exenciones de la ACAA aplicables, al emitir sus sentencias. Se presumirá que si el foro sentenciador no hace las deducciones en las exenciones de la ACAA en su sentencia, no las tomó en consideración y en revisión se procederá a hacer la corrección al respecto. Saurí Rodríguez v. Colón Martínez, 127 D.P.R. 900, 904 (1991); Serrano Rodríguez v. Montes, 103 D.P.R. 822, 825 (1975). (Casos citados.)
F
Honorarios de abogado por temeridad
La Regla 44.1 de Procedimiento Civil dispone que cualquier parte que proceda con temeridad deberá pagar una suma en concepto de honorarios de abogado. 32 L.P.R.A. Ap. Id. Montañez López v. Universidad de Puerto Rico, opinión de 21 de marzo de 2002, 2002 J.T.S. 40, pág. 857. Se define temeridad como aquella conducta que permita que se celebre o se prolongue un litigio innecesariamente o que obliga a otra parte a litigar por sii contumacia u obstinación. Jarra Corporation v. Axxis Corporation, opinión de 30 de noviembre de 2001, 2001 J.T.S. 167, pág. 491.
La concesión de honorarios de abogado por temeridad depende de la sana discreción del tribunal sentenciador. Por lo tanto, el tribunal apelativo no debe modificarlo ante la ausencia de abuso del ejercicio de la discreción judicial. Montañez López v. Universidad de Puerto Rico, supra, pág. 858; Ramos Báez v. Bossolo López, 143 D.P.R. 567, 571-572 (1997).
G
La revisión judicial
En el ámbito apelativo, no se intervendrá con las determinaciones de hechos y la adjudicación de credibilidad efectuada por el juzgador de los hechos, en ausencia de error manifiesto, pasión, prejuicio o parcialidad. Giovanetti v. ELA, opinión de 29 de marzo de 2004, 2004 J.T.S. 55, pág. 847; Blas v. Hosp. Guadalupe, 146 D.P.R. 267, 339 (1998).
El Tribunal de Primera instancia es el que tiene la oportunidad de oír y ver declarar a los testigos y apreciar su comportamiento, por lo que está en mejor posición de aquilatar la prueba testifical presentada. Cuando existe conflicto de prueba, le corresponde al juzgador de los hechos dirimirlo. Flores v. Soc. de Gananciales, 146 D.P.R. 45, 49-50 (1998).
En relación a la práctica de los jueces de primera instancia de solicitar proyectos de sentencia, nuestro Tribunal Supremo ha expresado que:

*736
“[...] [l]a costumbre existente en los tribunales de instancia de solicitar que las partes sometan proyectos de sentencia no es, de por sí, una mala práctica; la misma es el resultado del mucho trabajo, la presión del tiempo y la poca ayuda que tienen nuestros jueces de instancia. Dichos proyectos de sentencia, utilizados correctamente, alivian la pesada carga que llevan nuestros jueces [...].

Lo censurable lo constituye la práctica de “firmar a ciegas” dichos proyectos de sentencia; [...]. ”

Román Cruz v. Díaz Rifas, 113 D.P.R. 500, 508 (1982).
m
Aplicación de la norma jurídica
Recurso KLAN-04-00436 de la apelante María Castillo de Poveriet
A
En el recurso KLAN-04-00436, la coapelante María Castillo alega como primer error que incidió el tribunal de instancia al no imponer negligencia comparada al apelado Rodríguez Garay.
No le asiste la razón.
Según la doctrina de negligencia comparada antes esbozada, el propio Artículo 1802 de nuestro Código Civil dispone que la negligencia del peijudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización. Ahora bien, para determinar si el perjudicado Rodríguez Garay incurrió en negligencia a tal grado que proceda la aplicación de dicha doctrina, pasaremos a estudiar detenidamente los hechos probados.
El apelado Rodríguez Garay, luego de haber comprado un cigarrillo detallado, salió de Hilda’s Liquor Store y se acercó al vehículo de Francisco Esterlitz, que se encontraba estacionado de frente en uno de los dos espacios de estacionamiento de la extrema derecha, viendo la fachada de Hilda’s Liquor Store de frente. Mientras Francisco Esterlitz se encontraba sentado en el asiento del conductor de su automóvil, el apelado Rodríguez Garay le pidió que le encendiera el cigarrillo que acababa de comprar con el encendedor de su vehículo. Éste le encendió el cigarrillo al apelado a través de la ventana del automóvil. (Véase, T.E., págs. 35-38.) En ese momento, la coapelante María Castillo venía manejando su automóvil por la carretera 258 en dirección a la Ave. Campo Rico y viró hacia la derecha para estacionarse de frente en el espacio de estacionamiento a la izquierda del que estaba ocupado por el vehículo de Francisco Esterlitz. (Véase, T.E., págs. 184-185.)
El apelado Rodríguez Garay giró hacia la derecha para dirigirse a su vehículo y entonces vio el vehículo que venía manejando la coapelante María Castillo. Justo antes de entrar su vehículo al espacio de estacionamiento, la coapelante María Castillo vio al apelado, pero al continuar la marcha le quitó la vista. (Véase, T.E., pág. 197.) Al ver que el vehículo de la coapelante María Castillo se proponía a entrar al espacio de estacionamiento en el cual él se encontraba parado, Rodríguez Garay continuó su giro hacia la derecha para acercarse a la pared de fachada de Hilda’s Liquor Store y alejarse del mencionado vehículo. Acto seguido, el apelado Rodríguez Garay fue impactado en el lado interior de la pantorrilla de su pierna derecha por el extremo derecho del parachoques frontal del vehículo que conducía la coapelante María Castillo, mientras que la goma frontal derecha de dicho vehículo quedó sobre el pie izquierdo del apelado. (Véase, T.E., págs. 38-39.)
A pesar de que el apelado se encontraba en el área de estacionamiento de Hilda’s Liquor Store, una vez éste se percató de que la coapelante María Castillo se proponía estacionar en el espacio en el cual él se encontraba parado, éste intentó tomar las medidas necesarias para evitar ser impactado por dicho vehículo. Tan es así que, *737 continuó su giro hacia la derecha para acercarse a la pared de fachada del Hilda’s Liquor Store, y alejarse del mencionado vehículo. ¿Acaso podemos imputarle negligencia a un peatón que tomó las medidas que tenía a su alcance, para evitar ser víctima de un accidente automovilístico? ¿O es que al peatón se le requiere mayor diligencia que al conductor del automóvil que lo impacta?
La contestación a tales interrogantes es en la negativa, pues según dispone la Ley de Vehículos y Tránsito del 2000, supra, la persona que conduzca un vehículo de motor vendrá obligada a tomar las precauciones para no arrollar a los peatones, “aun cuando el peatón estuviere haciendo uso incorrecto o ilegal de la vía pública”. Es decir, que se requiere mayor diligencia del conductor del vehículo, que del peatón, pues éste tiene control del objeto que puede causar el mayor daño físico.
Evidentemente, la coapelante María Castillo no tomó las precauciones necesarias para evitar arrollar al peatón Rodríguez Garay, pues a pesar de haber visto al apelado justo antes de estacionar su vehículo, al continuar la marcha le quitó la vista precisamente en el momento en que lo impactó. (Véase, T.E., pág. 197.)
Concluimos que ante tales circunstancias probadas, no aplica la doctrina de negligencia comparada como lo resolvió el foro apelado. Contrario a lo que alega la coapelante María Castillo, el apelado Rodríguez Garay no incurrió en negligencia que conlleve la reducción de la indemnización concedida a su favor.
B
Como segundo error, alega la coapelante María Castillo que incidió el tribunal de instancia al adoptar un proyecto de sentencia sin antes revisar de manera sana y juiciosa las determinaciones de hechos y conclusiones de derecho contenidos en el mismo. No le asiste la razón.
Según ha expresado nuestro más alto foro, no es mala la práctica de los jueces de primera instancia el solicitar proyectos de sentencia que sirvan para confeccionar las sentencias que finalmente emitan. Lo que censura nuestro Tribunal Supremo es la práctica de “firmar a ciegas” dichos proyectos de sentencia, sin revisar y analizar las determinaciones de hechos y conclusiones de derecho contenidas.
De un minucioso análisis de la sentencia apelada podemos colegir que fue una muy bien trabajada por el juez que la dictó y fue emitida conforme a la prueba que tuvo ante su consideración. Concluimos que de haber sido un proyecto de sentencia, no fue firmado a ciegas y es producto del trabajo honesto del juez ponente.
€
Como tercer error, alega la coapelante María Castillo que incidió el tribunal de instancia al condenar a los coapelantes a pagar honorarios de abogado por temeridad. Tampoco le asiste la razón.
Si bien se desprende de los autos que el litigio en cuestión no se prolongó innecesariamente sino que siguió su curso normal, celebrándose el juicio y dictándose sentencia prácticamente al año después de presentada la demanda, la coapelante María Castillo obligó a la parte apelada a litigar su reclamación, precisamente por su contumacia y obstinación.
Esto es así, pues habiéndose presentado prueba suficiente de la negligencia de la coapelante María Castillo, de los daños sufridos por la parte apelada y de la relación causal entre ambos elementos, dicha parte en ningún momento hizo ofrecimiento transaccional razonable ni oportuno, alguno. Hacemos la salvedad, que no fue el acto de rechazar la oferta de transacción realizada por la parte demandante aquí apelada lo que constituyó un acto de temeridad, sino su omisión de hacer oferta alguna o contraoferta, a pesar de la recomendación del tribunal de instancia al respecto.
La parte coapelante María Castillo pudo haber evitado el litigio del caso en cuestión, mas no lo. hizo, *738 obligando a la parte, apelada a incurrir en gastos innecesarios para defender su causa de acción.
No abusó de su discreción el tribunal de instancia al condenar a la coapelante María Castillo al pago de honorarios de abogado por temeridad. Sin embargo, modificamos la cuantía de $10,000.00 en honorarios de abogado impuesta solidariamente a ambos coapelantes, a $5,000.00, imputables única y exclusivamente a la coapelante María Castillo.
IV
Recurso KLAN-04-00438 del apelante Francisco Castillo Villavicencio
Procedemos a aplicar la norma jurídica antes esbozada al recurso KLAN-04-00438. Veamos.
A
En el recurso KLAN-04-00438, el coapelante Francisco Castillo alega como primer error que incidió el tribunal de instancia al imponerle responsabilidad a Hilda’s Liqúor Store.
Le asiste la razón, el error se cometió.
Según la doctrina sobre responsabilidad de dueños de establecimientos en nuestra jurisdicción, la persona que mantiene un establecimiento comercial abierto al público, deberá mantenerlo en condiciones de seguridad tal que no causen daños a sus clientes. Ahora bien, dicha responsabilidad no es absoluta, su deber sólo se extiende al ejercicio del cuidado razonable para su protección.
En el presente caso, lo que corresponde determinar es si las facilidades de estacionamiento del establecimiento Hilda’s Liquor Store, cumplían con las condiciones de seguridad necesarias según requeridas por ley, para no causar daños a los clientes.
Según quedó establecido mediante testimonio no controvertido del coapelante Francisco Castillo, nunca antes del accidente en cuestión había ocurrido un accidente de esta naturaleza en los predios de su estacionamiento. Además, se probó que todos los permisos y licencias de operación del negocio siempre han estado en orden y que en ningún momento, se le había indicado por agencia gubernamental o de otra índole que su negocio y en particular el área de estacionamiento, estuviera en violación de alguna reglamentación o ley.
Nos es forzoso concluir que el accidente antes referido no era previsible para el coapelante Francisco Castillo, dueño del establecimiento Hilda’s Liquior Store. No sólo eso, sino que de un análisis de los hechos tal y como ocurrieron, nada nos mueve a concluir que su omisión en colocar barreras entre los estacionamientos y la pared de fachada de su negocio, fuera la causa adecuada que ocasionó el accidente en cuestión. Todo lo contrario, a pesar de su diligencia en mantener el área dé estacionamiento de su negocio conforme requiere la ley, la negligencia de la coapelante María Castillo al conducir su automóvil fue la que ocasionó el accidente en cuestión.
Concluimos que el coapelante Francisco Castillo, dueño del establecimiento Hilda’s Liquor Store, no es responsable de los daños sufridos por la parte apelada, daños que fueron ocasionados por la negligencia exclusiva de la coapelante María Castillo.
Se revoca la sentencia emitida por el foro de instancia que le impuso responsabilidad civil al coapelante Francisco Castillo.
B
Como segundo error, alega el coapelante Francisco Castillo que incidió el tribunal de instancia al no imponer responsabilidad al apelado Rodríguez Garay.
*739 Por otra parte, como tercer error alega el coapelante Francisco Castillo que incidió el tribunal de instancia al encontrarlo incurso en temeridad por no haber hecho ofrecimiento transaccional.
Los errores antes mencionados no fueron cometidos, pues hemos concluido que el apelado Rodríguez Garay no incurrió en negligencia comparada alguna en el evento. {Véase, Sentencia, Acápite III, A, págs. 11-14.) Resuelto en apelación que el coapelante Francisco Castillo no incurrió en negligencia, no procede la imposición de honorarios de abogado por temeridad en su contra y se revoca la sentencia en cuanto a dicho particular.
C
Como cuarto error, alega el coapelante Francisco Castillo que incidió el tribunal de instancia, al no aplicar en su sentencia las disposiciones de la Ley ACAA.
Le asiste la razón.
Es claro que el tribunal de instancia no hizo las deducciones de las exenciones de la ACAA al dictar su sentencia, según lo dispone el ordenamiento jurídico antes discutido. La exención por ley procede independientemente que la parte perjudicada no haya recibido los beneficios de la ACAA.
Procede, conforme a derecho, realizarse la deducción en la sentencia por la cantidad de $1,000.00, que es la cuantía de exención concedida por daños físicos y mentales.
En cuanto a la exención de $2,000.00, no procede el realizarse, porque el foro de instancia no concedió cuantía alguna por otros daños no incluidos en los físicos y mentales, según lo requiere la ley.
V
Por los anteriores fundamentos, se revoca la sentencia apelada en cuanto a la responsabilidad civil imputada al coapelante Francisco Castillo h/n/c Hilda’s Liquor Store y al pago de honorarios de abogado por temeridad impuestos en su contra. Se modifica la sentencia en relación a la cuantía impuesta por concepto de honorarios de abogado, concediendo la cuantía rebajada a $5,000.00 al apelado, imputables a la coapelante María Castillo de Poveriet. Procede en derecho la deducción en la sentencia de $1,000.00 en la cuantía de daños físicos y mentales, bajo las disposiciones de la Ley ACAA.
Una vez revocada y modificada la sentencia, según lo antes resuelto, se confirma sobre los demás extremos.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General